UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARQUIS PARKER,

                              Petitioner,

                              DECISION AND ORDER

                              18-CV-6106L

                v.

SUPERINTENDENT HAROLD D. GRAHAM,

                              Respondent.
_____


        Marquis Parker has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition relates to a state court conviction for several offenses in 2011, for which he is now serving a 60-year sentence.

        As the respondent, the State has moved (Dkt. #22) for permission to file an "oversized" brief of no more than 70 pages, and to seal the state court records.

        The motion is granted. Petitioner was convicted of six charges, some of which involved the shooting of two Rochester, New York police officers, and he has raised several claims in his petition, covering virtually the entire prosecution, from start to finish. The State's request to file a brief up to 70 pages seems entirely reasonable.

        The State's motion to seal the state court records is also granted. Petitioner was indicted, but acquitted, of attempted rape. According to the State, the victim's name appears repeatedly throughout the state court records, making redaction impracticable. (In its papers filed in this case, the State will not refer to the victim by name.)

New York Civil Rights Law § 50-b provides, in part, that, with some narrow exceptions, "[t]he identity of any victim of a sex offense ... shall be confidential. No report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection." The New York Court of Appeals has recently emphasized the importance of the privacy interests implicated under a similar related statute. *See New York Civil Liberties Union v. N.Y.C. Police Dep't*, No. 133, 2018 WL 6492733 (N.Y. Dec. 11, 2018) (addressing § 50-a, which deals with the confidentiality of police personnel records). The State's motion to seal the state court records is therefore granted.

## CONCLUSION

Respondent's motion (Dkt. #22) to seal the state court records in this case, and for leave to file a brief in response to the petition of no more than 70 pages, is granted.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
 February 21, 2019.